# SEUBERT *v.* SANTAELLA & COMPANY.

TRADEMARKS; RESEMBLANCE; EXCLUSIVE USE; ABANDONMENT.

1. Two trademarks are substantially the same in legal contemplation, if the resemblance is such as to deceive an ordinary purchaser giving such attention to the same as such a purchaser ordinarily gives, and to cause him to purchase one article, supposing it to be the other. (Following *Gaines* v. *Carlton Importation Co.* 27 App. D. C. 571; *Buchanan-Anderson-Nelson Co.* v. *Breen & Kennedy,* 27 App. D. C. 573, and *Hall* v. *Ingram,* 28 App. D. C. 454.)

2. Three marks for cigars, "Optimates," "Optimo," and "La Optima," *held* to be so similar, not only in appearance, but in meaning and origin, that they must be considered as the same in law.

3. A trademark which so nearly resembles another known mark, owned and so used by another as to be likely to cause confusion, will not be registered, and it is immaterial that the prior mark has never been registered, or that the applicant did not know of the existence or use of the prior mark.

4. A junior user of a trademark in good faith, and without knowledge of its use by the prior owner, may, upon abandonment of the mark by the prior owner, acquire a property right in it; provided, at the time of such abandonment, the junior party is the exclusive user of the mark (following *Mayer Fertilizer & Junk Co.* v. *Virginia-Carolina Chemical Co.* 35 App. D. C. 425). But if two or more persons are using the mark at the time of abandonment, with or without knowledge of its prior use, neither will be prior to the other in point of time, since neither can, in any event, date priority of use beyond the time when the prior owner surrendered title by the act of abandonment.

No. 690.    Patent Appeals.    Submitted January 13, 1911.    Decided February 6, 1911.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference case.        *Affirmed.*

The facts are stated in the opinion.

*Mr. C. Andrade, Jr.,* for the appellant.

*Mr. Isaac H. Mayer* and *Messrs. Dyer, Dyer, & Taylor* **for** the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is a trademark interference case. Appellant, Justin Seubert, corporation, of Syracuse, New York, made application for the registration of the word "Optimates" as a trademark for cigars. The mark of appellee, A. Santaella & Company, with which appellant was thrown in interference, is the word "Optimo," likewise a mark for cigars. It was disclosed by the evidence that the appellant has used its mark continuously since 1874, while the earliest date that appellee can be accorded is 1900. Appellee assailed the right of appellant to register its mark by proving the use, since 1866, of a mark "La Optima" for cigars by the firm of Voige & Winter, of Cincinnati, Ohio. This appeal is from the decision of the Commissioner of Patents, refusing to register appellant's mark.

The right of appellant to registration can be disposed of by reference to the mark "La Optima." It is familiar law that "two trademarks are substantially the same in legal contemplation, if the resemblance is such as to deceive an ordinary purchaser giving such attention to the same as such a purchaser usually gives, and to cause him to purchase the one, supposing it to be the other." *McLean* v. *Fleming,* 96 U. S. 245, 24 L. ed. 828. See also *Gorham Mfg. Co.* v. *White,* 14 Wall. 511, 20 L. ed. 731; *Gaines* v. *Carlton Importation Co.* 27 App. D. C. 571; *Buchanan-Anderson-Nelson Co.* v. *Breen & Kennedy,* 27 App. D. C. 573; *Hall* v. *Ingram,* 28 App. D. C. 454. The three marks before us are all so similar, not only in appearance, but in meaning and origin, that they must be considered as the same in law.

At the time appellant, from its own evidence, began using the mark, Voige & Winter were placing upon the market in eighteen States more than a million cigars annually, bearing

the mark "La Optima." This brings appellant in direct conflict with sec. 5 of the trademark act, which expressly provides "that trademarks which are identical with a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered." [33 Stat. at L. 725, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1278.]

It is not important that the mark "La Optima" had not been registered. Nor is it material to this case that appellant did not know of the existence or use of the mark "La Optima" by Voige & Winter. It was still, within the contemplation of the statute, a known trademark, extensively used. Appellant, therefore, adopted a mark which so nearly resembled a known trademark, owned and in use by another, as to be likely to cause confusion in trade.

Appellant, however, attempts to avoid the prohibition of the statute by proving that a corporation known as the Voige & Winter Company, the successor of Voige & Winter, conveyed the naked trademark by a bill of sale to one Bangs on May 12, 1909, and that, on the next day, Bangs, by similar conveyance, sold the mark to a concern known as the La Optima Cigar Factory, of Cincinnati, Ohio. It is contended by counsel for appellant that the conveyance from the Voige & Winter Company to Bangs constituted an abandonment of the mark, and that, under the decision of this court in *Mayer Fertilizer & Junk Co.* v. *Virginia-Carolina Chemical Co.* 35 App. D. C. 425, appellant was at liberty to adopt the mark, and that prior use by Voige & Winter could not operate as a bar to such adoption. The holding of this court in that case cannot be here invoked, for the reason that appellant's use at the date of the alleged abandonment was not exclusive. What the court said in that case was: "We fail to see why one already using the mark, where, as in this case, he has acted in good faith and

without knowledge of its prior use, should not be as much en-
titled to appropriate it as one whose date of adoption is sub-
sequent to the abandonment.   Between the date of abandon-
ment of the mark by the Southern Fertilizing Company and
the date of adoption by Allison & Addison, appellant enjoyed
the exclusive use of the mark.   This, we think, amounted to a
valid appropriation and entitles him to registration."

This opinion has been quoted and commented upon at length
in the briefs of counsel for both appellant and appellee.   It
goes to the extent only of holding that a junior user of a trade-
mark in good faith, and without knowledge of its use by the
prior owner, may, upon abandonment of the mark by the prior
owner, acquire a property right in it; provided, at the time of
such abandonment, the jurnior party is the exclusive user of the
mark.   To this extent only must the opinion be considered with
reference to the case of *O'Rourke* v. *Central City Soap Co.*
26 Fed. 576.   It follows that where the trespasser had knowl-
edge of the prior owner's use, or where there were two tres-
passers at the time of abandonment, neither could acquire a
property right in the mark.   If two or more persons are using
the mark at the time of abandonment, with or without knowl-
edge of its prior use, neither would be prior to the other in
point of time, since no one could, in any event, date priority of
use beyond the time when the prior owner surrendered title
by the act of abandonment.

In the case at bar, assuming that the mark "La Optima"
was abandoned by the attempted conveyances, a point not clear-
ly established by the evidence, appellee was in the field at the
time with its mark "Optimo;" hence, the right of appellant
to appropriate the mark, and acquire a property right therein,
would be no greater than the right of appellee.   In other words,
appellant was not enjoying the exclusive use of the mark at
the time the alleged abandonment occurred.

We have not overlooked the contention of counsel that the
marks "Optimates" and "Optimo" are not so similar as to be
likely to cause confusion in trade.   We experience no difficulty,
however, on this point.   The marks are manifestly so similar

that there can be no reasonable difference of opinion as to their coming within the prohibition of the statute. But if they were not, appellant's position would not be improved. Passing the question of the probable descriptive character of its mark, the evidence of the abandonment of the mark "La Optima" is by no means convincing; hence, we are unable to discover any theory that would support the right of appellant to register its mark.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings, as by law required.                                               *Affirmed.*