## FRIES & FRIES CO. v. EXCEL CO., Inc.

(Court of Appeals of District of Columbia. Submitted November 9, 1926. Decided December 6, 1926.)

No. 1872.

1. Trade-marks and trade-names and unfair competition ⬥35—Assignees, applying for registration of trade-mark, held not entitled to date their title back to date of earliest use by their assignor.

Assignees of trade-mark, who acquired only right to use mark, and not good will of the business of the prior user, held not entitled, on application for registration, to date their title back to earliest date of use by their assignor.

2. Trade-marks and trade-names and unfair competition ⬥44—Question whether trade-mark was of such descriptive quality as to preclude registration held not open in interference proceeding.

In interference proceeding between two applications for registration of trade-mark, question whether one of marks involved was of such descriptive quality as to preclude its registration held not involved.

Appeal from the Commissioner of Patents.

Trade-mark interference proceeding between the Fries & Fries Company and the Excel Company, Inc. From a decision of the Commissioner of Patents, granting priority to the latter, the former appeals. Affirmed.

J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

J. N. Ramsey, of Cincinnati, Ohio, for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This is a trade-mark interference between two applications for trade-marks to be used on denatured alcohol for massage purposes. The mark of the appellant company is "X L—Rub" and the mark of the appellee company is

In its application the Fries & Fries Company, the senior party, alleges its earliest date of use February 1, 1922. The junior party, the Excel Company, established use of its mark at a date prior to the date claimed by the appellant company. The tribunals below held that the marks were confusingly similar, and consequently were not both entitled to registration, and accorded registration to "Excel—Rub," the mark of appellee company.

It is now urged on behalf of appellant company that the mark "X L—Rub" was used by the X. L. Pharmacal Company prior to 1913, and that under an assignment of said mark, dated March 14, 1924, they are entitled to date their title back to 1913, a date prior to the earliest date claimed by appellee company.

[1] It will be observed that this assignment was acquired almost two years after the application of appellant company was filed, but in any event it could not be made to relate back to the use of the mark by the X. L. Pharmacal Company, since the business of

that company was not transferred, and the good will of the business did not accompany the assignment of the mark. All that the appellant company acquired was the right to use that mark as against its prior owner. It acquired no such right from the prior owner as would enable it to attach its use to the use made by its assignor. The Commissioner was therefore right in holding that appellee company was entitled to no earlier date than February, 1922.

[2] It is contended, however, that the Excel Company is not entitled to register the mark "Excel—Rub," for the reason that it is descriptive of the quality of the goods to which the mark is applied. This question cannot be raised in this case, since priority of use is the only issue involved in an interference proceeding. The right of appellee company to register its mark "Excel—Rub" may be challenged in the Patent Office by a competent party in a proper action.

The decision of the Commissioner is affirmed.