## YOUNGHUSBAND v. COE.

### No. 505.

District Court of the United States for the District of Columbia.

April 24, 1940.

Paul Finckel, of Washington, D. C., and James R. McKnight, of Chicago, Ill., for plaintiff.

W. W. Cochran and H. S. Mackey, both of Washington, D. C., for defendant.

PINE, Justice.

June 23, 1934, plaintiff applied for registration of the trade mark Eternal.

November 16, 1934, Eterne Manufacturing Corporation applied for registration of the trade mark Eternol.

An interference was declared between these two applications. This interference resulted in a finding that plaintiff used Eternal first on June 11, 1934, and Eterne Manufacturing Corporation first used the trade mark Eternol on October 24, 1934. Plaintiff was therefore prior to Eterne Manufacturing Corporation.

However, Frederick Stearns & Company had registered Eterno on October 20, 1914, and used this mark until January 28, 1935.

January 28, 1935, plaintiff obtained a paper writing from Stearns and Company assigning to him the right to the trade mark Eterno, together with the good will of the business in connection with which the mark was used.

Mr. McKnight, attorney for the plaintiff, testified in this Court that at the time this paper writing was signed by Stearns & Company, some bottles, labels and lists of customers were also transferred. He could not remember the exact number, even whether it was more or less than fifty bottles. He did not know whether the mark was used by Stearns and Company on anything other than perfume, although the certificate covers a number of items. There was no bill of sale or other paper writing executed at the time of this transaction, and Mr. McKnight, the sole witness for the plaintiff, did not know whether the perfume was made from the same formula, but stated that it seemed to smell the same to him.

June 10, 1937, an undated paper was filed in the Patent Office, executed by Stearns and Company sometime in June, 1937, purporting to consent as of May 1, 1934, to the registration by plaintiff of the trade mark Eternal.

It is my opinion that the paper writing of January 28, 1935, and the paper writing filed June 10, 1937, both executed after the expiration of the Stearns registration, do not constitute a valid assignment of the trade mark for the reason that they do not transfer "the business or property" in connection with which the mark had been used. It is further my opinion that the evidence of the handing over of some labels, bottles, etc., by Stearns and Company to McKnight was not sufficient to answer the requirement that the "business or property" must be transferred to constitute a valid assignment. Mayer Fertilizer & Junk Company v. Virginia-Carolina Chemical Company, 35 App.D.C. 425, 10 C.D. 399; Fries & Fries Company v. Excel Company, Inc., 57 App.D.C. 46, 16 F. 2d 542. In these circumstances plaintiff was not entitled to have the trade mark Eternal registered. Seubert v. Santaella & Company, 36 App.D.C. 447, 11 C.D. 341.

But apart from this, plaintiff was not the owner of the trade mark *at the time he filed his application* on June 23, 1934, and acquired such rights as he got from Stearns and Company thereafter. To entitle him to the registration he must have been the owner *at the time his application was filed*. Sec. 2 of the Trade Mark Act, 15 U.S.C.A. § 82; Sec. 13 of the Trade Mark Act, 15 U.S.C.A. § 93; Kelly Liquor Company v. National Brokerage Company, Cust. & Pat.App., April 10, 1939, 102 F.2d 857, 35 U.S.P.Q. 290.

The complaint will therefore be dismissed. Counsel will prepare judgment and findings of fact and conclusions of law consonant with this opinion.